October 22, 1993 [NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

Nos. 91-2113
 93-1420

 GILBERTO E. GARCIA,

 Petitioner,

 v.

 IMMIGRATION AND NATURALIZATION SERVICE,

 Respondent.

 

 PETITION FOR REVIEW OF ORDERS OF

 THE BOARD OF IMMIGRATION APPEALS

 

 Before

 Torruella, Circuit Judge,
 

 Bownes, Senior Circuit Judge,
 

 and Stahl, Circuit Judge.
 

 

 Carl Krueger, with whom the International Institute of Rhode
 
Island, Inc., was on brief for petitioner.
 
 Charles E. Pazar, Attorney, Office of Immigration
 
Litigation, Civil Division, Department of Justice, with whom
Frank W. Hunger, Assistant Attorney General, and Robert Kendall,
 
Jr., Assistant Director, were on brief for respondent.
 

 

 

 Per Curiam. Petitioner Gilberto Garc a contests
 

decisions of the Board of Immigration Appeals (the "Board")

ordering deportation and refusing to reopen and reconsider his

case.

 Petitioner is a native and citizen of the Dominican

Republic. He has been a lawful permanent resident in the United

States since 1979. On August 19, 1988, the Immigration and

Naturalization Service ("INS") commenced deportation proceedings

against petitioner, alleging his deportability under section

241(a)(11) of the Immigration and Nationality Act (the "Act"),

8 U.S.C. 1251(a)(11), as an alien convicted of a controlled

substance violation (cocaine). At a deportation hearing on

February 27, 1989,1 petitioner conceded that he was deportable

as charged and requested an opportunity to file an application

for a waiver of deportation under section 212(c) of the Act. See
 

8 U.S.C. 1182(c). The immigration judge assigned the case for

a hearing on the merits on June 26, and directed petitioner to

file his waiver application by June 16. On June 6, petitioner

received notice that his hearing had been rescheduled to

September 27. The notice did not mention the application filing

deadline.

 On September 14, petitioner filed his 212(c)

application by paying the application fee at the Providence,

Rhode Island office of the INS. The application was delivered to

the Office of the Immigration Judge in Boston, Massachusetts on

 

1 Unless otherwise specified, all dates are during 1989.

 -2-

September 15.

 On September 18, the immigration judge ordered

petitioner's deportation because petitioner failed to timely file

his written application for relief. The Board affirmed the

decision and denied a subsequent motion to reopen.

 I

 Petitioner asks that we remand the case for a hearing

on the merits. He asserts that his attorney did not file the

application on June 16 because the immigration judge stated

during the February 27 hearing that the application should be

filed ten days prior to the hearing. As a result, his attorney

allegedly met the deadline by sending the application thirteen

days prior to the postponed hearing date of September 28.

Because the record clearly states that the application was to be

filed by June 16, petitioner's attorney contends that the judge

must have made the statement on which he relies off the record.

Moreover, he pleads that the immigration judge stated that no

application had been filed when he ordered deportation on

September 18. From this, petitioner's attorney infers that the

immigration judge also believed the relevant filing date was

September 18 and that the judge only ordered deportation because

he had not received, through some error, the application filed on

September 14. Petitioner finally urges that remand is

appropriate because the application was filed late due to the

attorney's error (not petitioner's) and because no prejudice

occurred as a result of the tardy submission.

 -3-

 Board regulations authorize an immigration judge to

"set and extend time limits for the filing of applications." 8

C.F.R. 3.31(c) (1993). Applications not timely filed are

deemed waived or abandoned. Id. The Board found, and we agree,
 

that the record clearly states that the application was to be

filed by June 16.2 Since the application was not filed until

September 14, the Board found the application waived and affirmed

the immigration judge's deportation order. 

 Petitioner proposes no substantial argument against the

Board's decision. Petitioner first emphasizes that his counsel

recalls that the time limit specified was ten days prior to the

hearing and that the immigration judge waited until September 18

to order deportation. We cannot draw the inference he desires --

i.e., that the immigration judge also thought the application due

only ten days before the rescheduled hearing -- in light of the

plain evidence in the record that the deadline was June 16.

Perhaps, for example, the immigration judge did not issue the

order until September 18 because he reviewed his calendar on that

day; we can only speculate, a procedure contrary to appellate

review. Second, failure to comply with time limitations is often

the fault of counsel rather than the client, and clients are

bound by the conduct of their attorneys. See Magallanes-Dami n
 

v. INS, 783 F.2d 931, 934 (9th Cir. 1986). Time limits would be
 

 

2 The immigration judge stated at the February 27 hearing: "I'd
ask that you file that [application for section 212(c) relief]
not later than June 16, 1989, along with any supporting
documents. And we'll be adjourned then to June 26 at 8:00 in the
morning."

 -4-

meaningless if we excused counsel's mistakes every time the error

prejudiced the client. Finally, while petitioner contends no

prejudice has occurred, these appellate proceedings have

substantially delayed petitioner's deportation despite his

eligibility for deportation under 241(a)(11). Since the

Board's factual finding that petitioner untimely filed his 

212(c) application is supported by substantial evidence in the

record, we affirm its decision to affirm the deportation order.

See Gouveia v. INS, 980 F.2d 814, 818 (1st Cir. 1992) ("[A] court
 

must accept the Board's factual determinations so long as they

are supported by substantial evidence . . . .") (citations

omitted).

 II

 The authority of the Board or the Attorney General to

reopen a deportation proceeding "derive[s] solely from

regulations promulgated by the Attorney General." INS v.
 

Doherty, 112 S. Ct. 719, 724 (1992) (citing INS v. R o-Pineda,
 

471 U.S. 444, 446 (1985)). A motion to reopen or reconsider a

final decision will not be granted unless petitioner presents new

material evidence previously unavailable or identifies a change

in the applicable statutory or case law. See 8 C.F.R. 3.2;3
 

Matter of Cerna, Int. Dec. 3161 (BIA Oct. 7, 1991). As a general
 

matter, motions to reopen are disfavored. See Doherty, 112 S.
 

 

3 8 C.F.R. 3.2 specifies that "[m]otions to reopen deportation
proceedings shall not be granted unless it appears to the Board
that evidence sought to be offered is material and was not
available and could not have been discovered or presented at the
former hearing." Id.
 

 -5-

Ct. at 724. The decision whether to reopen a deportation

proceeding lies within the Board's discretion. See id.; Williams
 

v. INS, 773 F.2d 8, 9 (1st Cir. 1985). In the past we have held
 

that "'[t]he denial [of a motion to reopen] will be upheld unless

it was made without a rational explanation, inexplicably departed

from established policies, or rested on an impermissible basis

such as invidious discrimination against a particular race or

group.'" Williams, 773 F.2d at 9 (quoting Leblanc v. INS, 715
 

F.2d 685, 693 (1st Cir. 1983)). This standard is particularly

appropriate where waiver of deportation under 212(c) is in

issue because whether waiver is granted is firmly within the

Board's discretion and depends on a balance of "social and

humane" factors. See Gouveia, 980 F.2d at 816.
 

 Under the above standard, the Board's decision is

unassailable. The only new evidence that petitioner offered is a

detailed affidavit from his attorney concerning the circumstances

of his misunderstanding.4 As the Board explained, however, it

considered counsel's error and found that even if the proceeding

were reopened, the attorney's affidavit was not likely to change

its finding that the waiver application had been abandoned.

Petitioner has not cited any change in the applicable law.

 We therefore affirm the decisions of the Board.

 

4 Incidentally, appellant points out that the INS has not
opposed reopening the case and hearing the merits of the 212(c)
application. We fail to see why the Board must sanction a
violation of an immigration judge's order because the INS does
not specifically oppose reopening the case.

 -6-